**In re Horace J. CONWAY and Charlotte M. Conway.**

**Bankruptcy No. 82–455.**

United States Bankruptcy Court, D. Delaware.

April 11, 1991.

Anthony A. Figliola, Jr., Wilmington, Del., for debtor.

Jeoffrey L. Burtch, Wilmington, Del., for National State Bank.

HELEN S. BALICK, Bankruptcy Judge.

Both parties request declaratory relief pertaining to what part, if any, of debtors' post-petition short-term debt arising before the discharge date was discharged. A review of the record indicates that all post-petition debt was discharged.

Horace and Charlotte Conway filed a Chapter 13 petition and proposed plan on December 6, 1982. The plan proposed a total monthly payment of $830 and listed Heritage Mortgage as the holder of the first mortgage on their principal residence. Of the $830 per month, $349 was to be paid to Heritage for current mortgage obligations, and an additional $112 was to be paid to Heritage for arrears. The plan also stated that "secured creditors with interest in Realty shall retain security interest throughout plan and thereafter."

A confirmation hearing was properly noticed and held on January 24, 1983. Heritage did not file any objections to the plan, nor did it appear at the hearing. The plan was modified to satisfy the objection of Wilmington Trust Company, another creditor. This modification did not affect either of the payments to Heritage. The plan, as

modified, was confirmed on January 24, 1983, with a duration of 48 months.

On March 4, 1983, Security Savings and Loan Association, an assignee of Heritage, filed a proof of claim. The proof of claim attached a copy of the mortgage agreement for the Conway's principal residence, and stated a claim for pre-petition arrears of $4,406.96 and $35,147.44 in principal. The record does not indicate the reason for this late filing.

During the consummation of the plan, there were two occasions where the Conways failed to make the Trustee payments for two consecutive months. On the first occasion, Wilmington Trust filed a motion to dismiss. A properly noticed hearing on the motion was held November 28, 1983, at which time the court modified the plan by extending the duration of the plan two months. Security did not appear at the hearing.

On the second occasion, Security itself moved to dismiss or convert. No other relief was sought. A hearing on Security's motion was held October 22, 1984, at which time the court modified the plan by extending the duration of the plan another two months. National State Bank, assignee of Security, did subsequently file another motion to dismiss or convert for an alleged failure of the debtor to make the Trustee payment, on October 7, 1986. At the hearing on this motion held April 27, 1987, National voluntarily dismissed its own motion.

The Trustee filed a final accounting of the plan, no objections were received, and on June 15, 1988, the court entered an order of discharge.

Subsequent to the discharge, the Conways paid their monthly mortgage amounts directly to National. On August 31, 1988, National filed a Superior Court action seeking monies it admits are alleged debts incurred post-petition but prior to the discharge. The Superior Court action was stayed when the Conways filed a second

Chapter 13 petition in this court on April 12, 1989.

The nature of the post-petition debt National seeks is as follows. Because of the four-month extension of the plan and an increase in taxes and insurance premiums, the $349 plan payments did not satisfy the Conways' obligations under the mortgage agreement. National had to advance its own funds to pay taxes and premiums to protect its security interest.

The Conways have not repaid National the monies it advanced. They argue the June 15, 1988, order discharged the debt National now seeks. National disagrees and argues, without any citation to supporting case law, that the Conways are trying to modify National's rights under 11 U.S.C. § 1322(b)(2). Resolution of this matter will affect the second Chapter 13 proceeding.

DISCUSSION

The only question is whether the Conways' liability on the mortgage above the $349 monthly amount was discharged.

"[A]ll debts provided for by the plan" are discharged. 11 U.S.C. § 1328. A debt is "provided for" when the plan contains some provision describing the treatment of that debt. *In re Gregory*, 705 F.2d 1118, 1122 (9th Cir.1983). Here, the $349 monthly payment to Heritage represented the sum of principal and interest ($297.72), a $14 late charge, and a $37.28 escrow payment. This plan payment would have been sufficient[1] to meet the Conways' mortgage obligations had the plan not been extended four months and taxes and insurance premiums not increased. The plan also stated that Heritage would retain its security interest during the plan and thereafter. Under these circumstances, the plan clearly "provided for" the current mortgage obligation and this debt is discharged.

In hindsight, National does not approve of the fixed monthly amount method of dealing with the current mortgage obligation. The time to raise this objection was before confirmation. No such objec-

---

**1.** It appears that the plan payment actually gave Heritage a windfall, as post-petition late charges are generally not allowed in a Chapter 13 plan.

*In re Jordan*, 91 B.R. 673, 674 (Bankr.E.D.Pa. 1988).

tion was raised, and the confirmed plan is binding on Heritage and its assignees. 11 U.S.C. § 1327(a); *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989).

The court also observes that the plan was modified twice during its consummation. At neither hearing dealing with the Conways' defaults did National raise the issue of increased current mortgage obligations above the $349 amount. The modified plans are also binding on National. 11 U.S.C. § 1329(b)(2).

CONCLUSION

All the Conways' post-petition debt in Case No. 82–455 relating to its monthly mortgage obligations is discharged. Naturally, this ruling does not affect National's claim for any debt incurred post-discharge.

IT IS SO ORDERED.